IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JUSTIN WARD and <br> ENCORE LUXURY COACHES, LLC <br><br> Plaintiffs, <br><br> v. <br><br> KYLEE ERVIN, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. _____ <br> ) <br> ) JURY DEMAND <br> ) <br> ) |

## COMPLAINT

Plaintiffs allege the following as their Complaint against Defendant Kylee Ervin:

### PARTIES, JURISDICTION, AND VENUE:

1. Plaintiff Justin Ward is a citizen and resident of Mecklenburg County, North Carolina.

2. Plaintiff Encore Luxury Coaches, LLC is a limited liability company organized in the State of Delaware which does business in the States of North Carolina and Tennessee

3. Defendant Kylee Ervin is a citizen and resident of Davidson County, Tennessee.

4. The amount in controversy is greater than $75,000.

5. The United States District Court for the Middle District of Tennessee is the proper forum for this action because of diversity jurisdiction as provided by 28 U.S.C. § 1332.

### GENERAL FACTUAL ALLEGATIONS:

6. The allegations recited above are incorporated as if fully set forth herein.

7. Ward and Ervin are former spouses. They are now divorced.

8. During the marriage, Ervin was the sole member and manager of Diamond Coach Leasing, LLC ("Diamond Coach Leasing") a business started in 2001.

9. Diamond Coach Leasing is engaged in the business of luxury travel for the entertainment industry. Headquartered in Tennessee, the business grew over the years to over sixty (60) luxury Prevost coaches.

10. Diamond Coach Leasing has been successful because of its prioritization of relationships, collaboration, and synergy with its clients. In fact, long term client relationships were the reason for the success of the company and why the company, although no longer owned by Ervin, grew to the success that it did.

11. Even today on the Diamond Coach Leasing website they proudly announce that the company is:

> "Committed to the highest professional standards in the protection of our clients' confidential information. We are honored that our clients trust us and take our responsibility of protecting that information very seriously. Protecting our clients' confidence is not just what we do, it's who we are.
>
> We are always available. Our Leadership Team, most of whom have been with us since 2001, have created an authentic culture of integrity and availability. From our CEO and throughout our entire team, we are always available to our clients twenty-four hours a day, seven days per week."

12. There is no doubt that trust is a critical factor in revenue generation in this Entertainer industry, especially given the high-profile nature of the clientele.

13. At all times, Ervin was aware of this fact and what it takes to operate a profitable business in the luxury travel industry.

14. From 2015 to 2018, Ward served as the COO of Diamond Coach Leasing.

15. From 2018 to June of 2019 Ward served as co-CEO of Diamond Coach Leasing.

16. From June of 2019 to July of 2020, Ward served as CEO and Ervin served as Chairman of Diamond Coach Leasing.

17. During his years with Diamond Coach Leasing, Ward enjoyed a very positive reputation in the industry, and he personally formed significant relationships with entertainers, both of which generated revenue for the company.

18. Ward was perceived in the community as the backbone of Diamond Coach Leasing and the reason that the company and its services could be trusted and were treated with respect and integrity. Ward himself developed a strong reputation and was trusted by a significant number of entertainers in the industry.

19. In 2019, Ward and Ervin began to experience marital problems. They separated in April, 2020.

20. As the marriage soured, Ervin began to treat Ward with disdain that extended to the operation of Diamond Coach Leasing. She hired an attorney and Credit Restructure Officer (CRO) and had them remove Ward as CEO in June of 2020.

21. On or about June, 2020, Ervin began making statements about Ward that were patently false and misleading. She told third parties that Ward was a crook and that he had embezzled from Diamond Coach Leasing. Specifically, she stated both in writing (e-mail) and in person the following false accusations against Ward: "Justin was trying to take my business | Justin stole money from me | Millions of dollars were stolen and transferred to Justin | Justin is a Con Artist | Anything Justin says is not true | Justin has taken millions of dollars from me | Justin bankrupt my company | Justin embezzled millions of dollars."

22. Ervin made these false misrepresentations of fact knowing that if they reached Diamond Coach Leasing clients it would spread within the Entertainer luxury travel industry and

that the ultimate result would be damage to Ward's reputation or to build a business or develop revenues for his own company in the industry.

23. Ward learned that she was making these statements beginning in July, 2020.

24. Ervin continues to make these statements even to this day. For example, Ervin continues to call Ward a "con-artist" and claims he "embezzled" millions of dollars from Diamond Coach Leasing to Encore's clients, potential clients, artists, business managers, bankers, and other industry professionals.

25. In August 2020, Ward started a competing company to Diamond Coach Leasing, Encore Luxury Coach Leasing. Encore is in the exact same industry—luxury travel for entertainers.

26. Encore does business in Nashville and the same areas where Diamond Coach Leasing operates.

27. After Ward started to operate Encore, he learned the extent to which Ervin's false misrepresentations of fact had damaged him and his ability to generate revenue in the luxury travel industry.

28. In fact, more than one entertainer has informed Ward that they cannot use Encore's services because of what they heard in the community—but if the rumors are disproved, they would be willing to again do business with Ward and Encore.

29. Ward and Encore have lost potential business opportunities and clients as a direct result of Ervin's false misrepresentations of fact about Ward.

## FIRST CAUSE OF ACTION
### (Defamation)

30. The allegations recited above are incorporated as if fully set forth herein.

31. Ervin published statements to third parties about Ward knowing that the statements were false and misleading and defaming to Ward with negligence and/or reckless disregard for the truth.

32. As a result of Ervin's defamatory statements, Ward and Encore have suffered actual damages in excess of $75,000.

## SECOND CAUSE OF ACTION
### (Unfair & Deceptive Trade Practices – Tenn. Code Ann. § 47-18-104)

33. The allegations recited above are incorporated as if fully set forth herein.

34. Ervin knowingly, willingly and with malice, made false or misleading representation of facts to third parties with the intent to disparage Ward and his business within the luxury travel industry, which includes but is not limited to his operation of Encore.

35. Ervin's actions impacted the ability of Ward and Encore to compete effectively in the luxury travel industry, which unfair or deceptive acts has affected the conduct of commerce.

36. As a result of Ervin's actions, Ward and Encore have suffered actual damages in excess of $75,000.

37. Ward and Encore are entitled to a recovery of actual damages, treble damages, and attorneys' fees as a result of Ervin's actions.

## THIRD CAUSE OF ACTION
### (Punitive Damages – Tenn. Code Ann. § 29-39-104)

38. The allegations recited above are incorporated as if fully set forth herein.

39. Ervin's actions in making false or misleading statements of fact against Ward and Encore were malicious, intentional, fraudulent, and made with reckless disregard for the truth.

40. Ward and Encore are entitled to punitive damages consistent with Tennessee law.

## PRAYER FOR RELIEF:

Plaintiff requests relief as follows:

1. That proper process issue and be served upon Ervin, requiring her to appear and answer this Complaint.

2. That the Court enter an Order awarding actual damages as a result of Ervin's defamatory statements;

3. That the Court enter an Order awarding actual damages, treble damages and attorney's fees as a result of Ervin's false misrepresentations of fact;

4. That the Court enter an Order awarding punitive damages against Ervin.

5. For such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury on all matters raised herein.

Dated: September 30, 2022                    Respectfully Submitted,

**NEAL & HARWELL, PLC**

/s/  *William J. Harbison II*
William J. Harbison II (BPR # 33330)
1201 Demonbreun Street, Suite 1000
Nashville, TN 37213
(615) 244-1713
jharbison@nealharwell.com

**SODOMA LAW**
Amy Simpson (*pro hac vice* forthcoming)
Caitlin Hickman (*pro hac vice* forthcoming)
217 N. Graham Street
Charlotte, NC 28202
(704) 442-0000
asimpson@sodomalaw.com
chickman@sodomalaw.com

*Counsel for Plaintiff*