IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| JUSTIN WARD and ENCORE ) <br> LUXURY COACHES, LLC ) <br> ) <br> v. ) <br> ) <br> KYLEE ERVIN ) | Case No. 3:22-cv-00766 <br> Richardson/Holmes |

## O R D E R

Pending before the Court is Defendant's Motion to Compel (Docket No. 22) and Plaintiffs' "Motion for Leave to Excuse Attendance at In-Person Hearing" (Docket No. 24). Plaintiffs did not file a response to the Motion to Compel. For the reasons that follow, Defendant's Motion to Compel (Docket No. 22) is GRANTED and Plaintiffs' Motion to Excuse Attendance (Docket No. 24) is DENIED.

Defendant filed her motion to compel on July 8, 2023 and stated that Plaintiffs failed to respond to discovery that Defendant propounded on May 10, 2023. (Docket No. 22.) In her motion, Defendant sought an order compelling Plaintiffs to "confer in good faith, respond to interrogatories, and produce responsive documents to [Defendant] Ervin's requests for production." (*Id.* at 1.) Defendant stated that Plaintiffs' counsel had been unresponsive to requests to engage in a meet-and-confer regarding the discovery at issue as required under Local Rules

7.01(a)(1) and 37.01 and the Initial Case Management Order.[1] (*Id.* at 1–2.) Defendant stated that Plaintiffs' local counsel had been responsive but could not "bind" Plaintiffs.[2] (*Id.* at 2.)

On July 14, 2023, the Court issued an interim order requiring the parties to participate in an in-person attorney meeting by no later than July 20, 2023 to discuss resolution of the pending discovery dispute(s), "[p]rior to the deadline for Plaintiffs' response to the motion to compel under the Court's local rules." (Docket No. 23.) The Court further directed that either Plaintiff's out-of-state counsel must meet in person with Defendant's counsel, or Plaintiff's local counsel must have full authority to resolve the dispute. (*Id.* at 1 n.2.) The interim order did not relieve Plaintiffs from filing a response to the motion to compel, if opposed.[3] *See* Local Rule 7.01(a)(3) ("If a timely response is not filed, the motion shall be deemed to be unopposed . . . .") The Court set an in-person discovery hearing for July 31, 2023 at 3:00 pm (CDT), subject to cancellation if the parties filed a joint notice by July 28, 2023 informing the Court that the issues had been resolved. (*Id.* at

---

[1] Under the Initial Case Management Order, the parties are required to hold an in-person discussion among lead counsel and to make a good-faith effort to resolve any discovery disputes before bringing those disputes to the Court's attention. (Docket No. 16, ¶ G.) That Order also requires the parties to file a joint discovery dispute statement prior to the filing of a discovery-related motion. (*Id.*) Defendant stated that she did not file a joint discovery dispute statement because Plaintiffs' out-of-state counsel was unresponsive to requests to meet and confer. (Docket No. 22 at 2, ¶ 6.)

[2] Defendant's counsel stated their appreciation for the efforts made by Plaintiffs' local counsel to resolve the discovery issues. The Court, too, appreciates local counsel's efforts and understands that he has been placed in a difficult position. Nevertheless, the Court emphasizes to out-of-state counsel that she must communicate with local counsel and provide him with the information and client contact that he needs to be able to fully represent Plaintiffs as co-counsel in this litigation in accordance with Local Rule 83.01(d)(6) ("Local counsel is equally responsible with *pro hac vice* counsel for all aspects of the case.").

[3] In fact, the interim specifically contemplated that a response would be filed by Plaintiffs, which was the reason for the reference to the deadline. Nevertheless, if there was any confusion on this point by Plaintiffs or their counsel, they should have timely sought clarification.

2.) All counsel of record were directed to appear for the July 31 hearing, "unless excused in advance upon appropriate motion." (*Id.*)

No notice of resolution was filed, and the Court held an in-person hearing on July 31, 2023. Counsel present at the hearing were: William J. Harbison III for Plaintiffs, and Griffin S. Dunham and R. Alex Payne for Defendant. Plaintiffs' out-of-state counsel, Amy Simpson, did not attend the hearing. However, approximately 1.5 hours prior to the hearing, Ms. Simpson filed a motion requesting that the Court excuse her from attending the hearing in person. (Docket No. 24.) In support of this motion, Ms. Simpson stated that she had prior in-court proceedings set for the same date in various courts in North Carolina; that she, other attorneys at her law firm, and staff at her law firm have been "swamped" with other matters; that a "communication gap" occurred so that Plaintiffs' local counsel and Defendant's counsel were not notified of her scheduling conflict; and that she would be willing to appear at the July 31, 2023 via telephone or video conference. (*Id.* at 1–3.)

During the hearing, the Court heard argument from counsel regarding: the timing of the discovery at issue, including when Defendant propounded discovery; the parties' agreement to extend the discovery deadline; Defendant's responses to discovery propounded by Plaintiffs; several depositions taken by Plaintiffs; Plaintiffs' failure to timely produce responses to Defendant's discovery requests; Defendant's efforts to obtain those responses; Plaintiffs' demand that counsel for Defendant withdraw their representation; the motion to compel at issue; counsel's in-person meet and confer following the motion; and Plaintiff Justin Ward's responses to Defendant's discovery requests. Counsel for Defendant provided the Court with a demonstrative exhibit of the timeline of the discovery dispute; Plaintiff Justin Ward's responses to Defendant's discovery requests; and email correspondence between counsel regarding Mr. Ward's responses.

The Court also discussed the sufficiency of Plaintiff Justin Ward's responses to Defendant's discovery requests and the failure of Plaintiff Encore Luxury Coaches LLC to respond altogether to Defendant's discovery requests.

Throughout the hearing, the Court made extensive findings and conclusions, which are incorporated by reference as if fully set out herein. The Court makes the additional findings and conclusions set out below, starting with the following about discovery disputes generally.[4] As a rule, parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1).[5] Rule 26 sanctions a broad search and the information sought by a party need not be admissible to be discoverable. *Id*. However, the scope of discovery has "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). It is also "well established that the scope of discovery is within the sound discretion of the trial court." *In re Flint Water Cases*, 960 F.3d 820, 826 (6th Cir. 2020) (quoting *Criss v. City of Kent*, 867 F.2d 259, 261 (6th Cir. 1988)). *See also Crawford-El v. Britton*, 523 U.S. 574, 598–99 (1998) (trial court is afforded broad discretion to control and dictate the sequence of discovery); *Marie v. Am. Red Cross*, 771 F.3d 344, 366 (6th Cir. 2014) (district courts have broad discretion to manage the discovery process and control their dockets); *McNeil v. Cmty. Probation Servs., LLC*, No. 1:18-cv-00033, 2019 WL

---

[4] Because this Order directs Plaintiffs to proceed with both supplementation of prior discovery responses and to respond to outstanding discovery, and because Defendant intends to propound additional discovery, these principles are recited as reminders of discovery obligations in federal litigation.

[5] Unless otherwise noted, all references to rules are to the Federal Rules of Civil Procedure.

5957004, at *1 (M.D. Tenn. Oct. 29, 2019) (ultimately, the scope of discovery is within the broad discretion of the trial court).[6]

Further, the trial court is directed to prevent discovery that falls outside the scope of Rule 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii). Generally, the party seeking discovery is obliged to demonstrate relevance. When the information sought appears to be relevant, "the burden shifts to the party resisting discovery to show, with specificity, why the requested discovery is not proportional to the needs of the case," *Allgood v Baptist Mem'l Med. Grp., Inc.*, No. 19-2323-JTF-tmp, 2020 WL 86455, *1 (W.D. Tenn. Jan. 7, 2020) (citation omitted), or to establish that the information either is not relevant or is so marginally relevant that the presumption of broad disclosure is outweighed by the potential for undue burden or harm. *O'Malley v. NaphCare Inc.*, 311 F.R.D. 461, 463 (S.D. Ohio 2015).

Discovery may be denied if: (i) it is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the requesting party has already had ample opportunity to obtain the requested information; or, (iii) the request falls outside the scope of discovery set forth in Rule 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii). The party opposing such production bears the burden of establishing that the discovery sought falls beyond the purview of Rule 26. *See Shropshire v. Laidlaw Transit, Inc.*, No. 06–10682, 2006 WL 6323288, at *2 (E.D. Mich. Aug. 1, 2006) ("The party who resists discovery

---

[6] That sentiment has continued throughout revisions to Rule 26 including the most recent ones. The Court also possesses inherent authority to manage litigation. As noted by the First Circuit, "as lawyers became more adept in utilizing the liberalized rules . . . the bench began to use its inherent powers to take a more active, hands-on approach to the management of pending litigation." *In re San Juan DuPont Plaza Hotel Fire Litig.*, 859 F.2d 1007, 1011 (1st Cir. 1988). "The judiciary is 'free, within reason to exercise this inherent judicial power in flexible pragmatic ways.'" *Id*. at 1011 n.2 (quoting *HMG Prop. Invs., Inc. v. Parque Indus. Rio Canas, Ins.*, 847 F. 2d 908, 916 (1st Cir. 1988)).

5

has the burden to show discovery should not be allowed and has the burden of clarifying, explaining, and supporting its objections.")

Additionally, the Court notes that "a party cannot cloak its answers in without-waiving objections." *Tchun v 3M Co.*, No. 20-cv-12816, 2021 WL 5864016, at *1 (E.D. Mich. Oct. 18, 2021). In other words, a party either objects or the party answers or produces. If a party raises specific objections, it can answer the remainder of the interrogatory not objected to, *see* Fed. R. Civ. P. 33(b)(3), but boilerplate objections (to the extent they are permissible at all) are waived. Similarly, boilerplate objections to a request for production (to the extent they are even proper objections) are waived by production. If a party raises specific objections to production, it must "state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C). Any objection to part of a request must specify the part and permit inspection of the rest." *Id*.

Further, a party withholding documents or other communications based on privilege has the burden of establishing the existence of a privilege that protects such information in two ways: (1) by "expressly" making a claim of privilege, and (2) by describing the withheld documents or communications "in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). The plain language of the rule requires that whenever information is withheld as privilege, a privilege log that complies with Rule 26(b)(5)(A) must be provided by the responding party. Further, the party claiming privilege must demonstrate that the information is privileged under applicable law.[7] Failure to do

---

[7] In a diversity action, such as the instant one, the existence of a privilege must be determined by state law. *Jewell v. Holzer Hosp. Found., Inc.*, 899 F.2d 1507, 1513 (6th Cir. 1990) (citing Fed. R. Evid. 501). In Tennessee, the attorney-client privilege is codified as follows:

so may result in a determination that the privilege objection has been waived. Underlying data from which legal advice is derived or provided is not protected by either attorney client privilege, *Upjohn Co. v. United States*, 449 U.S. 383, 396 (1981), or as work product, *Askew v. City of Memphis*, No. 14-cv-2080-STA-tmp, 2015 WL 12030096, at *2 (W.D. Tenn. July 23, 2015), and is therefore discoverable.

As a general matter, responses to requests for production must identify by bates stamp number or some other discernible description which produced documents are responsive to which specific requests for production. This requirement is contemplated by Rule 34. Fed. R. Civ. P. 34(b)(2)(E)(1) ("A party must … label [documents] to correspond to the categories in the request . . ."). *See also CUCS Unlimited Contracting Servs., Inc. v. Comdata, Inc.*, No. 3:17-cv-01158, 2019 WL 483313, at *7 (M.D. Tenn. Feb. 7, 2019) (internal citations omitted). Given that produced documents may often be responsive to more than one request for production, a simple method of labeling is to use running bates stamp numbering and provide the bates stamp number(s) of responsive documents for each specific request for production.

---

> No attorney, solicitor or counselor shall be permitted, in giving testimony against a client or person who consulted the attorney, solicitor or counselor professionally, to disclose any communication made to the attorney, solicitor or counselor as such by such person during the pendency of the suit, before or afterward, to the person's injury.

Tenn. Code Ann. § 23-3-105 (2009). The aim of the privilege is to "encourage[] full and frank communication between attorney and client by sheltering these communications from disclosure," although it is not "absolute" and does not protect all communications between an attorney and the client. *State ex rel. Flowers v. Tennessee Trucking Ass'n Self Ins. Grp. Trust, Inc.*, 209 S.W.3d 602, 615–16 (Tenn. Ct. App. 2006) (citing *Bryan v. State*, 848 S.W.2d 72, 80 (Tenn. Crim. App. 1992)). If the communication is to enjoy protection under the privilege, it "must involve the subject matter of the representation and must be made with the intention that the communication will be kept confidential." *Id*. Failure to demonstrate these requirements will result in a determination that the information is not privileged.

7

Rule 26(c) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). "The burden of establishing good cause for a protective order rests with the [party requesting the protective order]." *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001) (citation omitted). Ultimately, whether to grant a protective order is within the discretion of the trial court. *Coleman v. American Red Cross*, 979 F.2d 1135, 1138 (6th Cir. 1992).

A party objecting to discovery must state with particularity the grounds for objection and why the request cannot be responded to as is. Boilerplate objections, such as the discovery requests are "overly broad," are "vague," are "not proportional to the needs of the case," or are "unduly and substantially burdensome," are "legally meaningless and amount to a waiver of an objection." *Waskul v. Washtenaw Cnty. Cmty. Mental Health*, 569 F. Supp. 3d 626, 637 (E.D. Mich. 2021) (citation omitted). *See also Davis v. Am. Highwall Mining, LLC*, No. 6:19-cv-96, 2020 WL 5494520 (E.D. Ky. Sept. 11, 2020) (collecting several authorities in support). Further, objections such as "unlimited in time and scope" must be accurate. For example, when an interrogatory or a request for production requests information from or during a specific time-period that is relevant to the underlying dispute, that is an appropriate temporal limitation.

Under the plain language of Rule 37(b)(2)(A), the Court is authorized to impose a variety of remedies to sanction uncooperativeness in discovery, many of which are consequences impacting the ultimate outcome of the underlying litigation. Rule 37(b)(2)(C) mandates that when a party fails to obey a discovery order, the Court "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). Additionally, Rule 16(f) permits the Court to impose

sanctions, including those authorized by Rule 37(b)(2)(ii)-(vii), upon the failure of a party or their attorney to appear for a scheduling or other pretrial conference or failure to obey a scheduling or other pretrial order. Fed. R. Civ. P. 16(f)(1)(A), (C).

The Court generally reserves discovery sanctions for egregious conduct. Here, the Court finds the conduct of Plaintiffs and their out-of-state counsel rises to the level of egregiousness warranting sanctions. The Court's directions for resolution of discovery disputes were clearly and unequivocally stated in the Initial Case Management Order. (Docket No. 16, ¶ G.) The Court's order of July 14 (Docket No. 23) also plainly instructed procedures for this specific discovery dispute. Plaintiffs and their counsel cannot blithely ignore the Court's orders and procedures without expecting consequences. Continuing to do so will become increasingly consequential, including, potentially, dismissal of this action.

The Court does not find that Plaintiffs' originally stated reasons for not responding to discovery warrant any different outcome. At the July 31 hearing, Defendant's counsel referred to communications with Plaintiffs' (out-of-state) counsel regarding a claimed conflict of Defendant's counsel as the basis upon which Plaintiffs failed to timely respond to discovery. However, no such claimed conflict was brought to the attention of the Court prior to the July 31 hearing. If Plaintiffs perceived some conflict, the appropriate way to proceed would have been to participate in the requisite in-person attempt at resolution and presentation of the issue to the Court in a joint discovery dispute statement in which Plaintiffs could have requested a protective order or other similar relief. Because Plaintiffs chose instead to ignore their discovery obligations, with the apparent endorsement of their out-of-state counsel, the Court finds that Plaintiffs' conduct in failing to timely discharge their discovery obligations is nothing more than litigation tactics, the

primary purpose of which is to delay Defendant's ability to defend this case, contrary to the Court's expectations and the Federal Rules of Civil Procedure, including Rule 1.[8]

Based on the July 31 hearing and the parties' filings, and for the reasons stated above and additionally stated below, it is ORDERED that:

1. Plaintiffs' motion to excuse her absence from the July 31, 2023 hearing (Docket No. 24) is DENIED. Not only was Plaintiffs' motion filed less than two hours before the hearing, which this Court finds inexcusable, but the stated reasons for not being able to attend are entirely unpersuasive. Ms. Simpson, Plaintiffs' out-of-state counsel, states that she could not attend in person because she had conflicts with other matters. The Court understands that these types of conflicts arise, and generally tries to be accommodating, but Ms. Simpson was certainly aware of some or all of these conflicts on July 14, 2023 when the Court set the hearing for July 31, 2023. Even if the conflicts did not arise until later, Ms. Simpson certainly knew of them prior to the date of the hearing when she filed her motion. The Court also notes that Ms. Simpson is not the only attorney at her law firm. Although she may have had conflicts on the day of the hearing, there is no indication that she attempted to find a colleague to enter an appearance in this case and participate in her stead at the July 31 hearing. The Court reminds Ms. Simpson of her obligation to follow this Court's local rules and the specific orders that the Court issues, particularly given her election to represent Plaintiffs in this case in this district. The circumstances of how this dispute wound up before the Court represent a remarkable and unacceptable disregard by Plaintiffs' out-of-town counsel for the Court's instructions and orders, which will not be tolerated. Further failure

---

[8] To be clear, the Court is making no determination of the merits of any claimed conflict of Defendant's counsel because that substantive issue is not before the Court. Rather, the Court finds that Plaintiffs' conduct in relying on a tangential issue as a basis to impede discovery, while making no effort to bring the issue to the Court's attention, is improper.

to comply with orders to appear in person at hearings – unless excused in advance upon appropriate and timely motion – will subject counsel to the possibility of a finding of contempt of court for which the Court will consider all available sanctions. Similarly, further failure by Plaintiffs or their counsel to comply with the Court's orders generally will, as stated above, become increasingly consequential, including any of the remedies and sanctions authorized by Fed. R. Civ. P. 16(f) and the Court's inherent authority.

2. Defendant's motion to compel (Docket No. 22) is GRANTED. This decision is based on both procedural and substantive grounds. First, Plaintiffs did not file a response to the motion, timely or otherwise. Under this Court's local rules, any party opposing a motion must serve and file a memorandum of law in response not later than fourteen (14) days after service of the motion. Local R. 7.01(a)(3). If a timely response is not filed, the motion is deemed to be unopposed. *Id.* Because Plaintiffs did not file a timely response, the Court considers Defendant's motion to compel to be unopposed. Nevertheless, the Court finds good cause to grant to the motion on substantive grounds, as supported by the authority described above. It is clear that Defendant issued timely and proper discovery requests to Plaintiffs; that Plaintiffs' out-of-state counsel made no attempt to meet-and-confer or otherwise follow this Court's local rules and the rules set forth in the Initial Case Management Order regarding discovery disputes; that Plaintiff Justin Ward produced procedurally insufficient interrogatory responses that were not verified; that Plaintiff Justin Ward produced insufficient and inadequate documents in response to Defendant's document requests; and that Defendant Encore Luxury Coaches LLC fully failed to respond to Defendant's discovery requests. Accordingly, the Court finds good reason to grant Defendant's motion to compel Plaintiffs to respond to Defendant's discovery requests, the specific directions of which are discussed in more detail as follows.

3. By not responding at all to Defendant's discovery requests, Plaintiff Encore Luxury Coaches has waived any objections to Defendant's discovery requests and must produce the requested documents, subject only to whatever protective provisions as to which the parties might reach an agreement. Further, by not properly and timely responding to discovery, Plaintiff Justin Ward has likewise waived any objections to Defendant's discovery, subject only to whatever protective provisions as to which the parties might reach an agreement. Accordingly, the parties must file a joint motion for entry of a protective order by no later than **Friday, August 4, 2023**, with the proposed protective order appended as an exhibit. The parties must also email a Word formatted version of the proposed protective order to chambers.[9] Notwithstanding these determinations, the Court will reserve for further consideration of any objections based on attorney-client privilege for which a proper privilege log is provided to Defendant contemporaneously with the discovery responses directed by this Order.

4. For any discovery requests to which Plaintiff Justin Ward has already responded, he must supplement his responses to Defendant's interrogatories and requests for production and must make a complete production of responsive documents by no later than **August 14, 2023**. This includes verification of all prior and supplemental responses under oath and otherwise complying with all applicable requirements for responding to interrogatories and requests for production.

5. For any discovery requests to which Plaintiff Justin Ward has not yet responded, he must respond to Defendant's interrogatories and requests for production and must make a complete production of responsive documents by no later than **August 14, 2023**. This includes

---

[9] During the hearing, the parties were provided with the email address of the Court's interim courtroom deputy to whom the parties must send a Word formatted proposed protective order. The parties may contact chambers at 615-736-5164 to obtain that email address again if needed.

12

Case 3:22-cv-00766   Document 25   Filed 08/01/23   Page 12 of 16 PageID #: 106

verification of responses under oath and otherwise complying with all applicable requirements for responding to interrogatories and requests for production.

6. For the discovery requests to which Plaintiff Encore Luxury Coaches LLC has not yet responded, it must respond to Defendant's interrogatories and requests for production and must make a complete production of responsive documents by no later than **August 14, 2023**. This includes verification of responses under oath and otherwise complying with all applicable requirements for responding to interrogatories and requests for production.

7. Plaintiffs' responses to discovery requests must be fully compliant under the Federal Rules of Civil Procedure. This includes but is not limited to verification of responses to interrogatories. This also includes but is not limited to the production of copies of responsive documents rather than a written response that a production is forthcoming. Plaintiffs have been in possession of Defendant's discovery requests for several months, and any further failures by Plaintiffs to fully answer interrogatories or to produce copies of responsive documents will result in additional sanctions under Rule 37 and/or Rule 16(f).[10]

8. All parties must include Bates labels on all document productions.

9. The following procedures are put in place for any issues related to Plaintiffs' responses and supplemental responses to discovery requests and any deficiencies with respect to those responses:

    a. Defendant must inform Plaintiffs of any perceived deficiencies or issues by no later than **August 17, 2023**.

---

[10] The Court also notes that Plaintiffs did not provide copies of responsive documents in their initial disclosures, as expressly directed by the Court. (Docket No. 16 at 7.)

b. Counsel for the parties must confer in person by no later than **August 23, 2023**. Either Plaintiff's out-of-state counsel must meet in person or local counsel must have full authority and must be provided with the necessary details related to the discovery issue(s) and necessary client contact to fully resolve the pending dispute(s). *See* Docket No. 23 at 1–2, n.2.

c. Defendant may file a motion to compel as to the discovery responses due by August 14 without first filing a joint discovery dispute statement as normally required under Local Rules 7.01(a)(1) and 37.01 and the Initial Case Management Order.

d. Any motion to compel by Defendant as to the discovery responses due by August 14 must be filed by no later than **August 25, 2023**. Defendant's memorandum in support of her motion to compel may not exceed 10 pages. Any referenced disputed discovery requests and responses may be appended as exhibit(s) to the motion.

e. Plaintiffs' deadline to respond to any motion to compel is **August 30, 2023**. Plaintiff's response may not exceed 10 pages.

f. Defendant may file an optional reply by **September 1, 2023**. Defendant's reply may not exceed 3 pages.

g. The court will hold an in-person hearing on **September 15, 2023 at 10:30 am (CDT)** in Courtroom 3D, Fred D. Thompson U.S. Courthouse, 719 Church Street, Nashville, Tennessee. All counsel of record must appear in person for the hearing, unless excused in advance upon appropriate and timely motion. Any further failures by counsel to appear as directed by the Court will be considered grounds for a finding of contempt of court.

h.  As to any other newly propounded discovery, the requirements for resolution of discovery disputes set forth in the Initial Case Management Order will apply.

10. Defendant shall be awarded attorneys' fees under Fed. R. Civ. P. 37(b) for her attorneys' work to attempt resolution of the discovery issues; to prepare the motion to compel; to meet-and-confer with Plaintiffs' (Nashville) counsel regarding the issues in the motion to compel; to prepare for the July 31, 2023 hearing; and to attend the July 31, 2023 hearing. Plaintiffs and their out-of-state counsel must share equally in payment of the attorneys' fees. If the parties reach an agreement for the amount of the fees, Defendant may file a motion for entry of an agreed order for payment of attorneys' fees. Otherwise, Defendant must file a motion for determination of the amount of attorney's fees with supporting billing statements by no later than **28 days after the date of entry of this order**.

11. The case management schedule and plan set forth in the Initial Case Management Order (Docket No. 16) is modified as follows:

   a.  The deadline for Defendant to complete all written discovery and depose all fact witnesses is extended from July 31, 2023 to **October 16, 2023**. **This deadline is extended for Defendant only**. The deadline remains July 31, 2023 for Plaintiffs. All other provisions for discovery not otherwise modified by this order remain unchanged.

   b.  With respect to the case resolution plan, and subject to further order, the parties are relieved of the requirement to participate in mandatory mediation, unless otherwise by the Court upon appropriate motion of any party.[11] The parties must still make a second, substantive attempt to resolve the case, but that attempt may an informal

---

[11] The parties may still mediate if they believe doing so would be productive.

one between the parties and their counsel. The parties must file a joint case resolution status report confirming their second, substantive attempt at resolution of this case by **December 1, 2023**.

c. All other case management deadlines and provisions found in prior orders and not modified herein remain in full force and effect.

It is SO ORDERED.

*[signature]*
BARBARA D. HOLMES
United States Magistrate Judge

16

Case 3:22-cv-00766   Document 25   Filed 08/01/23   Page 16 of 16 PageID #: 110